JDN

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason John Klingensmith,<br><br>   Plaintiffs,<br><br>v.<br><br>Gilbert, Town of, et al.,<br><br>   Defendants. | No. CV-24-02378-PHX-JAT (ESW)<br><br>**ORDER** |

Plaintiff Jason John Klingensmith brought this action, through counsel, under 42 U.S.C. § 1983 and state law against the Town of Gilbert ("Gilbert"), Gilbert Police Officer Travis Sheppard, and Jane Doe Sheppard. (Doc. 8.) Before the Court is Defendants Gilbert and Sheppard's Partial Motion to Dismiss. (Doc. 19.)[1] The Court will grant the Motion in part and deny it in part.

**I.   Background**

Plaintiff's claims stem from his arrest on or about June 24, 2023. (Doc. 8 ¶ 7.) Plaintiff alleges that Defendant Sheppard detained, arrested, and cited Plaintiff for speeding or racing without probable cause. (*Id.* ¶¶ 7, 14, 16.) Plaintiff alleges that Defendant Gilbert is vicariously liable for the state law torts of false imprisonment and abuse of process based on Defendant Sheppard's actions, and Defendant Sheppard is liable for violating Plaintiff's Fourth Amendment right against unreasonable seizure and Fourteenth Amendment due

---

[1] Defendants assert that, upon information and belief, Jane Doe Sheppard has not yet been served. (Doc. 19 at 1 n.1.)

process rights against fabrication and/or suppression of evidence. (*Id.* ¶¶ 28–52.) Plaintiff seeks compensatory and punitive damages, and costs and attorneys' fees. (*Id.* at 7.)

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to Plaintiff's Fourteenth Amendment claim for fabrication and/or suppression of evidence. (Doc. 19.) Defendants argue that the Fourteenth Amendment only protects a person from being subjected to a trial when exculpatory evidence has been withheld from the prosecutor. (*Id.* at 3–4.) Defendants argue that Plaintiff fails to state a claim because there was no prosecution and no criminal trial. (*Id.* at 4.)

In his Opposition to Defendants' Motion, Plaintiff contends that there does not need to be a criminal trial before a claimant can bring a claim for fabrication of evidence in violation of the Fourteenth Amendment; thus, the Motion to Dismiss should be denied. (Doc. 20 at 2.)

**II.     Federal Rule of Civil Procedure 12(b)(6)**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Rule 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A motion to dismiss is based on the pleadings, and if a court considers evidence outside the pleadings, it must normally convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *United States v. Richie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III.   First Amended Complaint[2]

In his First Amended Complaint, Plaintiff set forth the following allegations:

At the relevant time, Plaintiff worked for the City of Phoenix Police Department. (Doc. 8 ¶¶ 10–11.) Defendant Sheppard worked for Defendant Gilbert's Police Department. (*Id.* ¶ 8.) Previously, Defendant Sheppard worked with Plaintiff at the Phoenix Police Department on the same shift, and Defendant Sheppard was familiar with Plaintiff and Plaintiff's truck. (*Id.* ¶ 10.) Plaintiff and Defendant Sheppard had "hard feelings" towards each other at the Phoenix Police Department. (*Id.* ¶ 37.)

On or about June 24, 2023, Defendant Sheppard was on patrol and observed two vehicles—a yellow Ford Mustang sports car and a dark-colored Ford Raptor truck— traveling at a high rate of speed. (*Id.* ¶¶ 7–8.) Defendant Sheppard radioed in a description

---

[2] In his Opposition to Defendants' Motion to Dismiss, Plaintiff presented additional factual information, which he states could be alleged if amendment is necessary. (Doc. 20 at 4.) The Court will not consider the additional facts presented in Plaintiff's Opposition. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss"). Nor will the Court consider the additional facts Defendants presented in their Reply "to rebut" Plaintiff's additional facts. (Doc. 21 at 4.) *See Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (on a motion to dismiss the court may only consider the facts alleged in the complaint, documents attached to the complaint, and other matters amenable to judicial notice).

and the license plate of the truck; he reported that the plate number was 136IN. (*Id.* ¶¶ 9, 12.)

Based on Defendant Sheppard's report, Officer Stewart located Plaintiff, who was driving his truck with the reported license plate number. (*Id.* ¶¶ 12–13.) Defendant Sheppard instructed Officer Stewart to arrest and cite Plaintiff, which he did. (*Id.* ¶ 16.)

That same day, the Phoenix Police Department was notified of Plaintiff's arrest and citation. (*Id.* ¶ 17.)

A review of relevant security video showed that Plaintiff was not involved in any speeding or racing that was observed by Defendant Sheppard. (*Id.*) Consequently, on July 5, 2023, the charges against Plaintiff were dismissed. (*Id.* ¶ 20.)

The Phoenix Police Department's investigation into the incident was subsequently closed based on security footage and the determination that Plaintiff was not involved in any speeding or racing. (*Id.* ¶ 21.)

Thereafter, the Phoenix Police Department Professional Standards Bureau concluded that Plaintiff was the victim of a false arrest and false imprisonment. (*Id.* ¶ 22.)

In Count One, Plaintiff asserts a state law claim for false imprisonment against Defendant Gilbert. (*Id.* ¶¶ 28–34.) In Count Two, Plaintiff asserts a state law claim for abuse of process against Defendant Gilbert. (*Id.* ¶¶ 35–41.) And in Count Three, Plaintiff asserts two § 1983 claims against Defendant Sheppard: one for unreasonable seizure in violation of the Fourth Amendment, and the other for fabrication and/or suppression of evidence in violation of the Fourteenth Amendment. (*Id.* ¶¶ 42–52.)

**IV.   Discussion**

Although Plaintiff asserts a claim under the Fourteenth Amendment "for fabrication and/or suppression of evidence," fabrication of evidence and suppression of evidence are two separate claims. (Doc. 8 ¶ 46.) The Court will address each claim separately.

**A.   Suppression of Evidence**

To state a § 1983 claim for suppression of evidence, a plaintiff must allege that the defendant was aware of evidence that was material and exculpatory; did not make an

1 adequate disclosure of that evidence to the prosecutor; and did so with "deliberate indifference to or reckless disregard for an accused's rights or for the truth." *Tennison v. City & Ctny. of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009). Plaintiff must also allege that the inadequate disclosure prejudiced him. *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).

In arguing that a suppression of evidence claim requires a prosecution and criminal trial, Defendants rely on Ninth Circuit Model Jury Instruction 9.33A, which states, "[t]he Fourteenth Amendment protects against a person being subjected to a *criminal trial* when favorable evidence has been deliberately or recklessly withheld from the prosecutor." (Doc. 19 at 3–4, citing Doc. 8-5 (emphasis in Motion).)

Despite this language in this jury instruction, the Ninth Circuit has held that a Fourteenth Amendment suppression of evidence claim against a police officer can be brought even if a criminal defendant's case never proceeds to trial. *Tatum v. Moody*, 768 F.3d 806, 816 (9th Cir. 2014). In *Tatum v. Moody*, two police officers withheld exculpatory evidence from the prosecutor for over two years, during which the criminal defendant remained held in pretrial incarceration. *Id.* at 809. When the prosecutor learned of the withheld evidence, he dismissed the case. *Id.* at 809, 813. The criminal defendant then brought a § 1983 claim, and the Ninth Circuit held that the officers' withholding of evidence constituted a Fourteenth Amendment due process violation. *Id.* at 820. But the *Tatum* opinion emphasized the narrow scope of such a claim:

> [It] is restricted to detentions of (1) unusual length, (2) caused by the investigating officers' failure to disclose highly significant exculpatory evidence to prosecutors, and (3) due to conduct that is culpable in that the officers understood the risks to the plaintiff's rights from withholding the information or were completely indifferent to those risks.

*Id.* at 819–20.

Here, Plaintiff alleges that he was a victim of "false imprisonment," but he presents no facts as to the length of his detention. (Doc. 8 ¶¶ 22, 30.) He alleges that he was arrested and cited, and that the charges against him were dropped approximately 11 days later.

(Doc. 8 ¶¶ 16, 20.) Without more, Plaintiff cannot meet the *Tatum* requirement to show a detention of unusual length. While *Tatum* recognized that detentions less than the 27 months at issue in that case may violate an individual's due process rights in certain circumstances, Plaintiff's allegations do not support that, after his arrest, he was subject to any extraordinary circumstances or conditions that might implicate the Fourteenth Amendment. *Tatum*, 768 F.3d at 820 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 684–85 (9th Cir. 2001) (holding that where a mentally incapacitated man was held in detention for one day absent probable cause, a due process violation may have occurred and dismissal on a Rule 12(b)(6) motion was improper), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

The Court will therefore grant Defendants' Motion to Dismiss as to Plaintiff's § 1983 claim for suppression of evidence within Count Three.

"Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)). It appears unlikely that Plaintiff could remedy the deficiency with additional facts, but not impossible. Leave to amend will be granted to Plaintiff as to the suppression of evidence claim.

### B. Fabrication of Evidence

To state a § 1983 claim for deliberate fabrication of evidence, a plaintiff must allege that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). The plaintiff must identify evidence he contends the government deliberately fabricated. *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015.) A person suffers a Fourteenth Amendment violation even if the deliberately fabricated evidence is not used "in order to secure a criminal conviction." *Devereaux v. Abbey*, 263

F.3d 1070, 1075 (9th Cir. 2001) (en banc). "[C]harging someone on the basis of deliberately fabricated evidence" is enough to violate the constitutional right. *Id.*

In their Motion, Defendants' legal argument addresses only a suppression of evidence claim, not a fabrication of evidence claim. (Doc. 19 at 3–4 (relying on Ninth Circuit Model Jury Instruction 9.33A, "Deliberate or Reckless Suppression of Evidence," and *Mellen v. Winn*, 900 F.3d 1085, 1096 (9th Cir. 2018) (setting out elements for a claim against a police officer for suppression of evidence).) But in their Reply, Defendants maintain that Plaintiff's supporting facts—that Defendant Sheppard failed to fully investigate all evidence before issuing the arrest and recklessly conducted an investigation—fail to show deliberate fabrication of evidence. (Doc. 21 at 2–3.) Plaintiff maintains that the facts pled in his First Amended Complaint are sufficient to state a claim for fabrication of evidence. (Doc. 19 at 4.)

In his First Amended Complaint, Plaintiff specifically alleges that he was not speeding or racing on June 24, 2023; thus, Defendant Sheppard could not have observed his truck speeding or racing. (Doc. 8 ¶ 19.) Plaintiff alleges that Defendant Sheppard was familiar with Plaintiff's truck and intentionally reported that one of the racing vehicles was a truck like Plaintiff's and had Plaintiff's license plate number. (*Id.* ¶¶ 8–9.) Plaintiff's allegations support that Defendant Sheppard's report—that one of the racing vehicles had Plaintiff's license plate number—was deliberately fabricated evidence, thereby meeting the first element for a fabrication of evidence claim. *See Outdoor Media Group*, 506 F.3d at 900 (the complaint is construed in the light most favorable to the nonmovant). Plaintiff further alleges that, based on this fabricated evidence, he was unlawfully arrested and unlawfully imprisoned, which resulted in the deprivation of liberty. (*Id.* ¶¶ 22, 30.) This satisfies the second element for a fabrication of evidence claim.

Accordingly, Defendants' Motion to Dismiss will be denied as to the § 1983 claim for fabrication of evidence in Count Three.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants'

Motion to Dismiss (Doc. 19).

    (2)    Defendants' Motion to Dismiss (Doc. 19) is **granted in part** and **denied in part** as follows:

        (a)    the Motion is **granted** as to the § 1983 claim for suppression of evidence within Count Three, and this claim is dismissed; and

        (b)    the Motion is otherwise **denied**.

    (3)    Within **14 days** of the date of this Order, Plaintiff may amend his First Amended Complaint for the purpose of asserting a § 1983 claim under the Fourteenth Amendment for suppression of evidence.

    (4)    If Plaintiff does not file a Second Amended Complaint, Defendants must file an Answer to the First Amended Complaint within **21 days** of this Order.

Dated this 7th day of August, 2025.

*James A. Teilborg*
Senior United States District Judge